UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

XU LUN *a pseudonym*,

        Plaintiff,

v.

        Case No. 24-cv-0803-bhl

MILWAUKEE ELECTRIC TOOL CORPORATION
and TECHTRONIC INDUSTRIES COMPANY
LIMITED,

        Defendants.

## ORDER GRANTING MOTION TO PROCEED PSEUDONYMOUSLY

      On June 27, 2024, Plaintiff Xu Lun, proceeding under a pseudonym, filed his complaint in federal court. (ECF No. 1.) Lun alleges that he worked for an organization advocating for the rights of vulnerable groups in China, such as persons living with HIV/AIDS, hepatitis B, and people with disabilities. (*Id.* ¶18.) He contends that, because of his work, he was arrested, charged, and convicted of subversion of state power, a charge the Chinese government uses "to target activists and human rights campaigners." (*Id.* ¶18–19.) Lun was imprisoned for a year, during which he was forced to "make a variety of textile goods, including work gloves bearing the distinct 'Milwaukee' logo." (*Id.* ¶19.) Lun asserts a claim against Defendants Milwaukee Electric Tool Corporation and Techtronic Industries Company Limited for violation of the Trafficking Victims Protection Reauthorization Act. (*Id.* ¶¶113–121.) On July 23, 2024, Lun moved to proceed pseudonymously under Civil Local Rule 10(c), a motion that went unopposed. (*See* ECF No. 7.) For the reasons set forth below, Lun's motion will be granted.

      "[T]he use of fictious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. City of Chicago*, 360 F.3d 667, 669–70 (7th Cir. 2004) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)). Anonymous litigation is "contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Doe v. Village of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016). "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the

public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Id.* (quoting *Blue Cross*, 112 F.3d at 872; *Chicago*, 360 F.3d at 669).

A fictitious name may be warranted in certain cases. A suit may proceed anonymously to protect the identities of children, rape victims, and other vulnerable parties. *Id.* Further, "[t]he danger of retaliation is often a compelling ground for allowing a party to litigate anonymously." *Chicago*, 360 F.3d at 669 (citations omitted). Use of a pseudonym is appropriate when the plaintiff "ha[s] legitimate fears of future retribution . . . ." *Deerfield*, 819 F.3d at 377 (citing *Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 723–24 (7th Cir. 2011), *rev'd en banc on other grounds*, 687 F.3d 840 (7th Cir. 2012). However, fear of disclosure of private information is not enough to proceed pseudonymously; neither is bringing a harassment claim without an allegation of rape, torture, or fear of retaliation. *See id.*

Lun asserts that he has previously been imprisoned in China for engaging in "routine civil society activities." (ECF No. 7 at 2.) He asserts that this lawsuit requires him to "take positions antagonistic to the [Chinese] government, including by alleging the existence of widespread forced labor in [Chinese] prisons." (*Id.*) Lun contends that this position causes a legitimate fear of retaliation from the Chinese government should his identity be revealed. (*Id.*) He further asserts that there is little weight for public disclosure; Lun is not an American, nor is he a public official. (*Id.*)

The Court concludes that Lun's contentions are sufficient to justify allowing him to proceed under a pseudonym. Given his allegations, Lun's need for anonymity outweighs the public's interest in the case and any prejudice to opposing parties. Lun's motion is therefore granted.

Accordingly,

**IT IS HEREBY ORDERED** that Xu Lun's Motion to Proceed Pseudonymously, ECF No. 7, is **GRANTED**.

Dated at Milwaukee, Wisconsin on October 2, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge