IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| XU LUN, a pseudonym, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § Case No. 2:24-cv-00803-BHL <br> MILWAUKEE ELECTRIC TOOL § <br> CORPORATION, and § <br> TECHTRONIC INDUSTRIES § <br> COMPANY LIMITED, § <br> § <br> Defendants. | |

**DEFENDANT MILWAUKEE ELECTRIC TOOL CORPORATION'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S CONDITIONAL
MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY**

Paul J. Stockhausen (Bar No. 1034225)
pstockhausen@reinhartlaw.com
REINHART BOERNER VAN DEUREN, S.C.
22 East Mifflin Street, Suite 700
Madison, WI 53703
Tel.: 608-229-2200
Fax: 608-229-2100

Ellen E. Dew (Bar No. 081218015)
William W. Reichart III (Bar No. 1812120078)
ellen.dew@us.dlapiper.com
wes.reichart@us.dlapiper.com
DLA Piper LLP (US)
650 S. Exeter Street, Suite 1100
Baltimore, MD 21202
Tel.: 410-580-3000
Fax.: 410-580-3001

*Attorneys for Defendant Milwaukee Electric Tool Corporation*

Defendant Milwaukee Electric Tool Corporation ("Milwaukee Tool") submits this brief in opposition to Plaintiff Xu Lun's Conditional Motion for Leave to Conduct Jurisdictional Discovery (ECF No. 42) ("Motion"), and states as follows:

## I. INTRODUCTION

Depending on how this Court rules on the personal jurisdiction portion of the motion to dismiss filed by Defendant Techtronic Industries Company Limited ("TTI"), Plaintiff seeks to propound "jurisdictional" discovery.[1] While the motion is ostensibly directed at TTI, Milwaukee Tool opposes that request to the extent that Plaintiff intends to seek discovery from Milwaukee Tool[2] on several grounds, including that: (1) discovery is not needed to resolve Milwaukee Tool's pending Motion to Dismiss; (2) Plaintiff is not entitled to jurisdictional discovery from Milwaukee Tool; and (3) the discovery Plaintiff seeks under the guise of "jurisdictional" discovery is overly broad and unduly burdensome merits discovery. Alternatively, if this Court is inclined to grant any discovery from Milwaukee Tool at this stage, Milwaukee Tool requests that this Court enter an order requiring Plaintiff, a foreign national who resides in China and who is proceeding in this case entirely by pseudonym, to post a bond to cover costs that Milwaukee Tool may recover when it prevails.

---

[1] Plaintiff included a conditional request for jurisdictional discovery in his Opposition to the motions to dismiss filed by TTI and Milwaukee Tool. He now claims to file the instant Motion "out of an abundance of caution." *See* Mot. at 1. Milwaukee Tool opposes Plaintiff's request for jurisdictional discovery from Milwaukee Tool and objects to any attempt by Plaintiff to use the briefing on this Motion as an unauthorized sur-reply to Milwaukee Tool's Motion to Dismiss.

[2] Even though TTI is the only defendant that moved to dismiss on jurisdictional grounds, Plaintiff's Motion does not purport to limit the requested jurisdictional discovery to TTI. Milwaukee Tool notes that Plaintiff's Memorandum of Law references in its title "Jurisdictional Discovery from TTI." *See* ECF No. 43. However, as set forth herein, the Memorandum of Law details discovery that Plaintiff purports to seek related to Milwaukee Tool.

## II. PLAINTIFF'S CLAIMS AGAINST MILWAUKEE TOOL CAN BE RESOLVED WITHOUT DISCOVERY.

Plaintiff's single cause of action against Milwaukee Tool under the Trafficking Victims Protection Reauthorization Act ("TVPRA") fails for several, independent reasons as set forth in Milwaukee Tool's Motion to Dismiss (*see* ECF Nos. 29, 30, and 46) including that Plaintiff impermissibly seeks to apply Section 1595 of the TVPRA extraterritorially and his Amended Complaint fails to state a claim upon which relief may be granted. Importantly, for purposes of the instant Motion, no discovery, jurisdictional or otherwise, is needed for this Court to adjudicate the issues raised in Milwaukee Tool's Motion to Dismiss. Rather, Milwaukee Tool is entitled to dismissal with prejudice as a matter of law based solely on the allegations in Plaintiff's Amended Complaint and without reference to any documents or evidence outside of the pleadings. There is no basis on which any discovery is required from Milwaukee Tool to fully and completely resolve Plaintiff's claims against Milwaukee Tool in this case. Thus, to the extent Plaintiff seeks any discovery from Milwaukee Tool, his Motion should be denied.

## III. PLAINTIFF IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY FROM MILWAUKEE TOOL

As Plaintiff admits, to satisfy the burden for jurisdictional discovery he must make a "prima facie showing" of personal jurisdiction over TTI. *See* ECF No. 43 at 1 (quoting *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)). Despite not raising it in his Opposition to TTI's motion to dismiss on personal jurisdiction grounds, Plaintiff now attempts to assert personal jurisdiction over TTI based on a flawed theory of an "alter ego" relationship between TTI and Milwaukee Tool. *See id.* at 4–5. Based on that theory, he proposes jurisdictional discovery regarding the relationship between TTI and Milwaukee Tool. *See id.* at 5–6. But Plaintiff has not pleaded any non-conclusory allegations to provide any basis for a such theory, as required to set

2

Case 2:24-cv-00803-BHL     Filed 01/13/25     Page 3 of 11     Document 47

aside the corporate form, that Milwaukee Tool operates as "little more than a legal fiction." *Pearson v. Component Technology Corp.*, 247 F.3d 471, 484–85 (3d Cir. 2001) (addressing alter ego law in Delaware, the place of Milwaukee Tool's incorporation). This is a "notoriously difficult" burden as "courts have refused to pierce the veil even when subsidiary corporations…accept administrative support from the parent, and have a significant economic relationship with the parent." *Id.* at 485. Rather, the plaintiff "must essentially demonstrate that in all aspects of business, the two corporations actually functioned as a single entity and should be treated as such." *Id.* To do so, Plaintiff was required to plead factual allegations plausibly establishing the following factors:

> gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning funds from the debtor corporation by the dominant stockholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a façade for the operations of the dominant stockholder.

*Id.* at 484–85.

None of those factors are alleged or even suggested in Plaintiff's Amended Complaint. In his Motion, Plaintiff does not identity a single *fact* that supports his alter ego theory. Instead, he focuses on the allegations that TTI and Milwaukee Tool share employes, collaborate on certain issues, share office space, and that Milwaukee Tool executives report to TTI's CEO. None of these conclusory allegations go to any of the factors to be considered. What is more, the sworn declarations submitted by Milwaukee Tool on these issues shows the exact opposite. *See, e.g.*, Declaration of Christine Delisle (ECF No. 32–3) (explaining that Milwaukee Tool is not a direct subsidiary of TTI, that Milwaukee Tool is its own company, that "operate[s] as its own separate business" and "is a fully capitalized, independent operation with billions of dollars in annual

revenue") (testifying that "Milwaukee Tool has its own management and reporting chains, its own finances, and maintains its own books and records all of which are separate from TTI…").[3]

Recognizing his failed allegations, Plaintiff claims he cannot plead what is required without discovery. *See* ECF No. 43 at 5–6. And then says he needs discovery over all the factors that he must plausibly allege to establish a prima facie showing. *Id.* at 6. But Plaintiff has it exactly backwards. "[T]he premise behind [plaintiff]'s motions is that he cannot make out a prima facie case of jurisdiction without access to discovery. This is backwards for the reasons already stated; [plaintiff] must make out a premia facie case of jurisdiction **before** he can unlock the door to jurisdictional discovery." *Everett v. BRP-Powertrain, GMB, & Co. KG*, 2015 WL 5254555, at *7 (E.D. Wis. Sept. 9, 2015) (emphasis added) (denying jurisdictional discovery); *see also Forde v. Arburg GmbH + Co KG*, 2021 WL 148877, at *7 (N.D. Ill. Jan. 15, 2021) (same). Ultimately, where, as here, a plaintiff fails to put forward any evidence that two entities "do not observe corporate formalities" courts routinely reject requests for jurisdictional discovery based on an alter ego theory of personal jurisdiction. *See Everrett v. Leading Edge Air Foils, LLC*, 2017 WL 2894135, at *5 (E.D. Wis. July 7, 2017) (rejecting request for jurisdictional discovery where plaintiff "offered no reason for thinking that [defendant parent company and subsidiary] are not bona fide separate corporations or that he would find evidence to support a veil-piercing theory if given leave to conduct jurisdictional discovery"). Plaintiff has not met the minimum threshold for

---

[3] In order to make a prima facie showing of personal jurisdiction, Plaintiff must rebut the assertions in evidence submitted by TTI establishing that there is no personal jurisdiction over it. *See Allen-Bradley Co., Inc. v. Datalink Technologies, Inc.*, 55 F. Supp. 2d 958, 961 (E.D. Wis. 1999). Here, Milwaukee Tool submits that Plaintiff has not done so at least with respect to the Declaration by Ms. Delisle and thus Plaintiff is not entitled jurisdictional discovery in connection with that Declaration. *See Regenexx, LLC v. Regenex Health LLC*, 446 F. Supp. 3d 469, 476 n.2 (S.D. Iowa 2020) (holding that plaintiff was not entitled to jurisdictional discovery because the plaintiff did not rebut the defendants' affidavits).

entitlement to jurisdictional discovery from Milwaukee Tool and therefore his motion must be rejected.

### III. PLAINTIFF IMPROPERLY SEEKS OVERLY BROAD AND UNDULY BURDENSOME MERITS DISCOVERY

Plaintiff's request for "jurisdictional" discovery should also be denied because it is a thinly veiled attempt to force Milwaukee Tool to engage in overly broad and unduly burdensome discovery that is aimed at the merits of Plaintiff's claim (which should be dismissed on the pleadings). Specifically, Plaintiff seeks information regarding the elements of his TVPRA claim, including information regarding: (a) the formation and operation of the alleged "venture" that he claims violated the TVPRA (the "venture" element), (b) the manufacturing, shipping, and marketing of gloves he alleges were produced with forced labor (the "act in violation of the TVPRA" element) and (c) the production and sale of the gloves (the "knowing benefit" element). *See* ECF No. 43 at 3–4. Plaintiff even goes so far as to seek discovery regarding "any agreements between [Milwaukee Tool and TTI] relevant to the manufacture, distribution, and sale of Milwaukee Tool gloves," despite never alleging such agreements exist, let alone that they provide any basis for jurisdiction. *Id.* at 4. Plaintiff is on a fishing expedition that goes well beyond whether this Court has personal jurisdiction over TTI, a limited liability company in Hong Kong that's only link to the United States is holding interests in U.S.-based subsidiaries. *See Hill v. AMB Sports & Ent., LLC*, 2023 WL 2058066, at *7 (N.D. Ill. Feb. 16, 2023) ("It is well established that 'a district court does not abuse its discretion in denying additional discovery where the request [is] based on nothing more than mere speculation and would amount to a fishing expedition.'") (quoting *Helping Hand Caregivers, Ltd. v. Darden Restaurants, Inc.*, 900 F.3d 884, 890 (7th Cir. 2018)).

5

Case 2:24-cv-00803-BHL   Filed 01/13/25   Page 6 of 11   Document 47

This Court should deny Plaintiff's Motion insofar as he seeks discovery from Milwaukee Tool. *Hill* is instructive. *Id.* In *Hill*, one set of defendants challenged personal jurisdiction. The plaintiff sought discovery regarding information pertaining to co-defendants that went beyond the jurisdictional issues. *Id.* The Court denied the request, holding that, like here, the plaintiff "has not put forth a colorable argument that jurisdiction exists and has done nothing to rebut the evidence provided…Moreover, some of the topics for which [plaintiff] seeks discovery are overly broad and unrelated to whether the Court has personal jurisdiction over the Defendants." *Id.* The same result is warranted here.

## IV. PLAINTIFF MUST POST SECURITY

In the event that this Court permits any discovery from Milwaukee Tool at this juncture, Milwaukee Tool respectfully requests that the Court enter an Order requiring Plaintiff to post security in the form of a bond to secure costs Milwaukee Tool may recover under Federal Rule of Civil Procedure 54, or otherwise, upon prevailing. Federal courts have inherent authority to require a plaintiff to post a bond reasonably calculated to cover defendant's costs and attorneys' fees. *See Gay v. Chandra*, 682 F.3d 590, 594 (7th Cir. 2012). Such bonds are intended to enable collection of a potential award by ensuring that the party's assets are not dissipated or otherwise unreachable (beyond the Court's jurisdiction) at the time costs and/or fees are awarded. *See id.* Accordingly, "[a] court may require a party to post a bond if there is reason to believe that it would be difficult for a prevailing party to collect its costs." *Froemming v. Carlson*, 2023 WL 3996930, at *16 n.10 (E.D. Wis. June 14, 2023), *enforced* 2023 WL 6215371 (E.D. Wis. Aug. 14, 2023), *enforced as modified* 2023 WL 7091141 (E.D. Wis. Oct. 26, 2023), and *aff'd sub nom. Froemming v. City of W. Allis*, 2024 WL 261315 (7th Cir. Jan. 24, 2024).

Here, the factors for requiring a bond – "(1) the merits of the case, (2) the prejudice to the defendant of not requiring a bond, and (3) the prejudice to the plaintiff of requiring a bond" – weigh in favor of ordering Plaintiff to post security. *Id.* Plaintiff is a foreign national, who remains in China, is proceeding in this case pseudonymously, and has assets beyond the jurisdiction of this Court. *See id.* at *16, n.10; *Interlabservice, OOO v. Illumina, Inc.*, 2016 WL 5817062 (S.D. Cal. Oct. 4, 2016) (citing out-of-state residence as factor for requiring a bond). Without requiring a bond here, Milwaukee Tool will be significantly prejudiced in its attempt to collect when it prevails in this action as a matter of law for the reasons set forth in Milwaukee Tool's Motion to Dismiss. Thus, this Court should order Plaintiff to post a bond of a reasonable amount to secure Milwaukee Tool's costs and any other amounts Milwaukee Tool may be eligible to recover in this action.

## V. CONCLUSION

For the reasons set forth herein, Milwaukee Tool respectfully requests that this Court deny Plaintiff's Motion and deny Plaintiff leave to conduct any discovery from Milwaukee Tool at this time. If the Court is inclined to permit jurisdictional discovery, Milwaukee Tool respectfully requests that this Court enter an Order restricting discovery to only jurisdictional issues and requiring Plaintiff to post a bond to secure Milwaukee Tool's costs and any other amounts Milwaukee Tool may be eligible to recover should it prevail.

Dated: January 13, 2025
*/s/ Paul J. Stockhausen*
Paul J. Stockhausen (Bar No. 1034225)
pstockhausen@reinhartlaw.com
REINHART BOERNER VAN DEUREN, S.C.
22 East Mifflin Street, Suite 700
Madison, WI 53703
Tel.: 608-229-2200
Fax: 608-229-2100

Ellen E. Dew (Bar No. 081218015)
William W. Reichart III (Bar No. 1812120078)

ellen.dew@us.dlapiper.com
wes.reichart@us.dlapiper.com
DLA Piper LLP (US)
650 S. Exeter Street, Suite 1100
Baltimore, MD 21202
Tel.: 410-580-3000
Fax.: 410-580-3001

*Attorneys for Defendant Milwaukee Electric Tool Corporation*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that on January 13, 2025, the foregoing Milwaukee Tool's Memorandum of Law in Opposition to Plaintiff's Conditional Motion for Leave to Conduct Jurisdictional Discovery was electronically filed with the Clerk of Court using the CM/ECF system and thereby served on the following counsel of record:

William E. Parsons
Hawks Quindel SC
409 E. Main Street
P.O. Box. 2155
Madison, Wisconsin 53701
wparsons@hq-law.com

Adam Farra
Times Wang
Farra & Wang PLLC
1300 I Street, N.W.
Suite 400e
Washington, D.C. 20005
afarra@farrawang.com
twang@farrawang.com

Jennifer Bennett
505 Montgomery Street, Suite 625
San Francisco, California 94111
jennifer@guptawessler.com

Thomas Scott-Railton
2001 K Street N.W., Suite 850 North
Washington, D.C. 20001
thomas@guptawessler.com

*Counsel for Plaintiff*

Jason C. White
Morgan Lewis & Bockius LLP
110 N. Wacker Dr.
Chicago, Illinois 60606
jason.white@morganlewis.com

Zane D. Memeger
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
zane.memeger@morganlewis.com

Andew DeCarlow
Morgan Lewis & Bockius LLP
1301 2nd Ave., Suite 3000
Seattle, Washington 98101
andrew.decarlow@morganlewis.com

*Counsel for Defendant Techtronic Industries Company Limited*

               <u>*/s/ Paul J. Stockhausen*</u>
               Paul J. Stockhausen